United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41227
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

RIGOBERTO DE PAZ-RIVAS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:04-CR-72-ALL)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Rigoberto de Paz-Rivas (de Paz) pleaded guilty to being illegally present in the United States following deportation and received an eight-month sentence. On appeal, the sole issue raised by de Paz is an assertion that the judgment contains a clerical error that must be corrected pursuant to FED. R. CRIM. P. 36. De Paz contends that the judgment improperly states that he was adjudicated guilty of an offense under 8 U.S.C. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

1326(a) and (b), when it should have reflected that his sentence arose solely under subsection (a). The government concurs in this assertion, and the district court has already amended the judgment on the government's motion.

The error in question, however, was not a "clerical error." A clerical error is one "arising from oversight or omission." FED. R. CRIM. P. 36. De Paz was charged in the indictment with an offense under 8 U.S.C. § 1326(a) and (b), and he pleaded guilty as charged in the indictment. The judgment's repetition of this charge does not constitute an "oversight or omission" to be remedied under FED. R. CRIM. P. 36. As the "correction" occurred more than seven days after sentencing, it was not made pursuant to FED. R. CRIM. P. 35(a).

The district court thus lacked jurisdiction to enter the amended judgment. The judgment of the district court is VACATED, and the case is REMANDED to the district court for entry of the appropriate judgment.